UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR CLIFFORD CEASER,<br><br>    Plaintiff,<br><br>    v.<br><br>BARACK OBAMA,<br><br>    Defendant. | No. 2:16-cv-1939 JAM DB PS<br><br><br>ORDER |

Plaintiff, Oscar Ceaser, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court is plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 10.)

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's complaint is deficient. Accordingly, for the reasons stated below, plaintiff's complaint will be dismissed with leave to amend.

**I.     Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny

1  leave to proceed in forma pauperis at the outset if it appears from the face of the proposed
2  complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d
3  1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th
4  Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th
5  Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed
6  IFP because it appears from the face of the amended complaint that McGee's action is frivolous
7  or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the
8  District Court to examine any application for leave to proceed in forma pauperis to determine
9  whether the proposed proceeding has merit and if it appears that the proceeding is without merit,
10 the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

11        Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of
12 poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to
13 state a claim on which relief may be granted, or seeks monetary relief against an immune
14 defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an
15 arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.
16 Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a
17 complaint as frivolous where it is based on an indisputably meritless legal theory or where the
18 factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

19        To state a claim on which relief may be granted, the plaintiff must allege "enough facts to
20 state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
21 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as
22 true the material allegations in the complaint and construes the allegations in the light most
23 favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.
24 Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
25 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by
26 lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true
27 conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western
28 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

## II. Plaintiff's Complaint

Here, plaintiff's complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. In this regard, plaintiff's complaint simply alleges that, "Obama involvement of Help me to Stop Hope Organization has violation civil right to legal argument with Obama in this court of the Eastern District of California." (ECF No. 1 at 5.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. FED. R. CIV. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557. A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Accordingly, plaintiff's complaint will be dismissed for failure to state a cognizable claim.

## III. Leave to Amend

The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed

3

1  "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his
2  claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.
3  1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972); see also Weilburg v. Shapiro, 488
4  F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is
5  proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by
6  amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

7       Here, given the extremely vague and conclusory nature of the complaint's allegations, the
8  undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile.
9  Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an
10 amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an amended
11 complaint "the tenet that a court must accept as true all of the allegations contained in a complaint
12 is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action,
13 supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While
14 legal conclusions can provide the complaint's framework, they must be supported by factual
15 allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from
16 conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

17      Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an
18 amended complaint complete. Local Rule 220 requires that any amended complaint be complete
19 in itself without reference to prior pleadings. The amended complaint will supersede the original
20 complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint,
21 just as if it were the initial complaint filed in the case, each defendant must be listed in the caption
22 and identified in the body of the complaint, and each claim and the involvement of each
23 defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file
24 must also include concise but complete factual allegations describing the conduct and events
25 which underlie plaintiff's claims.
26 ////
27 ////
28 ////

## IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed August 16, 2016 (ECF No. 1) is dismissed with leave to amend.[1]

2. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[2] The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated:  December 5, 2016

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/ceaser1939.dism.lta.ord

---

[1] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.

[2] Alternatively, if plaintiff no longer wishes to pursue this action he may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.